UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **REPORT,** |
| | **RECOMMENDATION** |
| v. | **AND ORDER** |
| | |
| LEON R. WILLIAMS, | 18-CR-00086-EAW-JJM |
| Defendant. | |

_____

Defendant Leon R. Williams is charged in a four-count Indictment with possession of heroin and cocaine with intent to distribute in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(C), maintaining a drug-involved premises in violation of 21 U.S.C. §856(a)(1), and possessing a firearm in furtherance of drug trafficking in violation of 18 U.S.C. §924(c)(1)(A)(i). Indictment [15].[1] These charges arise from evidence obtained through a November 28, 2017 search warrant signed by Acting New York State Supreme Court Justice, Richard C. Kloch, Sr. [31].

Before the court are defendant's remaining motions to suppress evidence from that search and to produce the recordings of the controlled purchases used to support the search warrant (Rooth Declaration [24], Section I),[2] as well as the government's cross-motion for reciprocal discovery (government's Response [27], p. 18), all of which have been referred to me by District Judge Elizabeth A. Wolford for initial consideration [17]. Having considered the parties' submissions [24, 27], and heard oral argument on July 5, 2018 [29], defendant's motion

---

[1]   Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

[2]   Defendant agreed that all other portions of his motion have been resolved. *See* July 10, 2018 Text Order [30].

to compel is denied, the government's cross-motion is granted, and I recommend that defendant's motion to suppress be denied.

## BACKGROUND

Justice Kloch's November 28, 2017 search warrant authorized a search of defendant's residence at 37 Texas Street in Buffalo, New York, his person, and a black Audi Q7 bearing New York State registration HMG3737 [31].[3] The search warrant stated that it was supported by "PROOF BY AFFIDAVIT . . . BY INVESTIGATOR KEVIN SMITH and DEPUTY NATHAN SHUMAKER" with the Niagara County Sheriff's Office. Id., p. 1 of 6 (CM/ECF). Although it contained no reference to *in camera* testimony or to any other materials being submitted in support of the search warrant, *in camera* testimony was in fact taken in connection with the search warrant, a transcript of which has been provided by Justice Kloch [33].

The Affidavit stated that in October 2017, a confidential informant was used to conduct three controlled purchases of heroin from defendant. [31], pp. 3-4 of 6 (CM/ECF), ¶¶B, C, D. Two of these transactions took place in a black Audi that was operated by defendant. Id., ¶¶B, C. During one of the transactions, the black Audi was surveilled departing 37 Texas Street[4] before the controlled purchase. Id., ¶C. Two more controlled purchases occurred in November 2017, one of which occurred at 37 Texas Street. Id., ¶¶E, F.

---

[3] In support of his motion, defendant submitted an Affidavit [24-1], stating that at the time of the search he resided at 37 Texas Street, but he has never established his expectation of privacy in the black Audi that was also the subject of the search warrant.

[4] A modification (in pen) was made to the residence in the search warrant - Avenue was replaced with Street. That same modification was not made to the Affidavit, which continued to refer to 37 Texas Avenue.

In each of the five controlled purchases occurring in October and November, the confidential informant was searched for contraband and money before being given government funds and a recording device. Id., ¶¶B, C, D, E, F. The confidential informant was then surveilled throughout each transaction and following the completion of each transaction, turned over heroin he/she identified as being purchased from defendant, as well as the recording device. Id.

The Affidavit further stated that the black Audi used in some of the controlled purchases was parked at 37 Texas Street "both during day and evening hours", and that a records check revealed that defendant was a complainant in a burglary report occurring at 37 Texas Street on November 25, 2016. Id., ¶A.

**ANALYSIS**

**A.     Defendant's Motion to Suppress Physical Evidence**

In seeking suppression, defendant argues that "the application is devoid of any indicia of reliability of the confidential informant". Rooth Affirmation [24], p. 4 of 15. The government responds that the supporting Affidavit of Investigator Smith and Deputy Shumaker establishes the confidential informant's reliability, but reserves its right to make further arguments if I determine that consideration of the *in camera* testimony is necessary. Government's Response [27], pp. 2-4, 5, n. 3. Alternatively, it argues that the exclusionary rule should not apply because "law enforcement acted in good faith reliance upon the warrant" pursuant to United States v. Leon, 468 U.S. 897, 922 (1984). Id., pp. 3, 5 n. 3.

It is well settled that in issuing a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the

circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). "Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of providing reliable information, or if it is corroborated in material respects by independent evidence." United States v. Wagner, 989 F.2d 69, 72–73 (2d Cir. 1993). "If a substantial amount of information from an informant is shown to be reliable because of independent corroboration, then it is a permissible inference that the informant is reliable and that therefore other information that he provides, though uncorroborated, is also reliable." Id. at 73.

As defendant notes, "[t]here is no information [in the Affidavit] that this confidential informant has provided reliable information in the past". Rooth Affirmation [24], p. 4 of 15. Therefore, the confidential informant's reliability turns on whether the information he/she provided was corroborated in material respects by independent evidence. *See* Wagner, 989 F.2d at 72-73.

Here, the confidential informant's information was corroborated by the supervised controlled purchases that occurred, which the Second Circuit has deemed "powerful corroborative evidence for purposes of determining probable cause". Id. at 73. *See also* United States v. Davis, 2014 WL 5305984, *16 (D. Vt. 2014) ("although the [informant] was of questionable reliability and there was only one controlled buy, the evidence was sufficient to support a reasonable conclusion that the probable source of heroin found on the [informant] after the controlled buy was the male with whom he was seen interacting").

"Indeed, law enforcement officers frequently employ controlled purchases of illegal narcotics in order to establish probable cause in circumstances where they cannot personally vouch for the reliability and credibility of a particular confidential informant." United States v. Henry, 299 F. App'x 484, 487 (6th Cir. 2008).

Defendant's arguments do not undermine the confidential informant's reliability established from the supervised controlled purchases. First, defendant notes that for two of the controlled purchases, the Affidavit stated that "a black male was observed" entering and exiting the vehicle where the controlled purchase allegedly occurred. [31], p. 4 of 6 (CM/ECF), ¶¶D, E. Defendant asks "why wouldn't they identify this black male as Leon Williams?" Rooth Affirmation [24], p. 3 of 15. While that is a good question, it appears to be nothing more than imprecise draftsmanship, since defendant acknowledges that the law enforcement report from one of these transactions identifies the individual as defendant. Rooth Affirmation [24], p. 3 of 15. In any event, there were two other supervised controlled purchases, where the officers specifically stated that they observed defendant. [31], pp. 3-4 of 6 (CM/ECF), ¶¶B, C.

Defendant also argues that for the controlled purchase identified in paragraph E of the Affidavit, "[t]he actions described . . . do not ma[tch] the redacted police report". Rooth Affirmation [24], p. 3 of 15. However, as the government notes, defendant does not seek a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Government's Response [27], p. 4.

Defendant next argues that for the only controlled purchase that occurred at 37 Texas Street, there was no observation by law enforcement that he was present at that premises for that transaction. Rooth Affirmation [24], p. 3 of 15. However, a sufficient amount of

information was corroborated through the other supervised controlled purchases to establish the reliability of the confidential informant, and therefore the information he provided as to what transpired in 37 Texas Street, though not fully corroborated, was also reliable. *See* Wagner, 989 F.2d at 73. Under these circumstances, "[i]t is certainly not fatal that [law enforcement] did not personally witness the cocaine purchases underlying the warrant, but instead relied on what the CI told him about the purchases." United States v. Smith, 9 F.3d 1007, 1013 (2d Cir. 1993). *See also* Davis, 2014 WL 5305984 at *17 ("the existence of constant surveillance is not dispositive"); United States v. Artez, 389 F.3d 1106, 1111–12 (10th Cir. 2004) ("[a] tip from an anonymous or confidential informant that narcotics are being distributed at a particular location may be corroborated" by a controlled buy with "common formalities" observed by law enforcement, including watching the informant "enter the suspect residence, disappear while inside the suspect residence, and emerge from the suspect residence," and then searching and retrieving the controlled substances from the informant).

    Finally, defendant argues that "[t]here is no indication . . . that the police reviewed the recordings at all". Rooth Affirmation [24], p. 3 of 15. While that may have further corroborated the confidential informant's information, that additional level of verification was unnecessary given law enforcement's observations during the controlled purchases. Nor is that level of corroboration required. *See* Artez, 389 F.3d at 1112 ("the absence of constant visual contact with the informant conducting the transaction does not render a controlled purchase insufficient, nor does the absence of an audio-recording of the transaction"); Henry, 299 Fed. App'x at 487 ("controlled purchases were sufficient to corroborate the reliability of a confidential informant despite the fact the informant did not wear a wire during the purchase"). The very fact that defendant wore a recording device to each of the controlled purchases made it less likely that

he would lie.  *See* United States v. McIrby, 2012 WL 1677642, *3 (S.D. Ala. 2012) ("[c]orroboration may be accomplished by creating circumstances under which the informant is unlikely to lie. . . . [I]f the information had proved to be false, that fact would have been quickly discovered [through the audio recording], making it unlikely the informant would [lie]").

For these reasons, I recommend that defendant's motion to suppress be denied.[5]

**B.     Defendant's Motion for Production of the Recordings of the Controlled Purchases**

In connection with his motion to suppress, defendant seeks production of the tapes of the controlled buys referenced in the search warrant. Rooth Affirmation [24], p. 4 of 15. The government responded at oral argument that it is opposed to such production, since it would disclose the existence of the confidential informant. It argues that "given the drug-related nature of this case, [its] interest in protecting the confidential informants' safety certainly outweighs the defendant's generalized and unsupported statement of need". Government's Response [17], p. 16.

Even where material is discoverable pursuant to Fed. R. Crim. P. ("Rule") 16, the court "should, of course, be solicitous to protect against disclosures of the identity of informants". Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951). The determination of whether an informant's identity should be disclosed entails "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro

---

[5] At oral argument, defendant argued that the *in camera* testimony of the confidential informant, which was not incorporated by reference, much less mentioned in the search warrant, could not be considered in accessing probable cause. I tend to agree. *See* United States v. Rosa, 626 F.3d 56, 64 (2d Cir. 2010) (the court may not "rely on unincorporated, unattached supporting documents to cure an otherwise defective search warrant"). However, it is unnecessary for me to resolve that question, since I conclude that the supporting Affidavit of Investigator Smith and Deputy Shumaker established probable cause for the search. While the government noted at oral argument that even if the *in camera* testimony could not be considered in connection with determining probable cause, I could consider it in addressing its alternative reliance on the Leon good-faith exception. My determination that the search warrant was supported by probable cause also renders it unnecessary for me to resolve that issue.

v. United States, 353 U.S. 53, 62 (1957). That balance depends on "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id.

While I am sympathetic to defendant's request for disclosure, I must balance the public interest in protecting the confidential informant's safety against defendant's right to prepare his defense. Significant here, the government states that "[t]he existing indictment only charges the defendant for contraband discovered during and stemming from the execution of the search warrant on November 29, 2017". Government's Response [27], p. 17. If, as the government represents, defendant is charged with conduct unrelated to the controlled purchases with the confidential informant, defendant fails to demonstrate why his need for those recordings outweighs the interest in protecting the confidential informant's safety. *See* United States v. Parks, 2009 WL 1617010, *5 (E.D. Tenn. 2009) (where the defendant was charged with controlled substance violations for conduct occurring on June 15, 2007, but the informant's controlled buy was on June 8, 2007, the defendant failed to meet his burden of showing that the need for the audio recording of the June 8, 2007 controlled buy outweighed the public interest in encouraging and protecting confidential informants); United States v. Beverly, 1988 WL 20027, *4 (N.D. Ill. 1988) ("[i]f the confidential informants' only role was to assist the government in obtaining a search warrant, their identities should remain confidential"). Therefore, this motion is denied, without prejudice.

**C.    Government's Cross-Motion for Reciprocal Discovery**

The government seeks reciprocal discovery pursuant to Rule 16(b). Government's Response [27], p. 18. Since defendant has not responded to the government's cross-motion, it is granted.

**CONCLUSION**

For these reasons, the government's cross-motion for discovery (government's Response [27], p. 18) is granted, defendant's motion to produce the recordings of the controlled purchases supporting the search warrant (Rooth Affirmation [24], p. 4 of 15) is denied, without prejudice, and I further recommend that defendant's motion to suppress (id., pp. 3-4 of 15) be denied. Unless otherwise ordered by Judge Wolford, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by August 16, 2018. Any requests for extension of this deadline must be made to Judge Wolford. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new

legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: August 2, 2018

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge