

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

LEON R. WILLIAMS,

Defendant.

---

**DECISION AND ORDER**

1:18-CR-00086-EAW

# BACKGROUND

Defendant Leon R. Williams ("Defendant") stands accused by way of a four-count Indictment, returned April 4, 2018, with the following crimes: (1) possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (3) maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1); and (4) possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. §§ 924(c)(1)(A)(i). (Dkt. 15). The Indictment alleges that Defendant engaged in this unlawful activity on November 29, 2017, and the Government apparently intends to rely at trial upon the results of a search warrant executed on that date at 37 Texas Avenue in Buffalo, New York. The Government contends that it recovered the following when it executed the search warrant:

> (1) 15.65 grams of heroin, (2) 11.99 grams of cocaine, (3) $73,743 U.S. currency concealed inside a vacuum cleaner and within a drop ceiling between the bedrooms, (4) a Glock 22, .40 caliber firearm bearing serial number AZM814 loaded with a magazine containing 10 rounds of ammunition and hidden on a windowsill behind plastic sheeting, (5) a high-capacity magazine for a .40 caliber firearm hiding on a nearby windowsill,

and (6) drug paraphernalia including a scale, sandwich bags, and a cutting agent.

(Dkt. 40 at 2).

The Court referred all pre-trial matters to United States Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Dkt. 17). Defendant filed pretrial motions on June 4, 2018, and sought to suppress evidence seized pursuant to the search warrant signed by Acting New York State Supreme Court Justice Richard C. Kloch, Sr., on November 28, 2017. (Dkt. 24). On August 2, 2018, Judge McCarthy issued a Report and Recommendation, recommending denial of Defendant's motion to suppress. (Dkt. 34). Judge McCarthy's decision also was issued as an Order denying without prejudice Defendant's motion to produce the recordings of the controlled purchases used to support the search warrant. (*Id.* at 7-8).

By Text Order dated August 13, 2018, this Court granted Defendant's request for an extension of time to August 30, 2018, to file objections to the Report and Recommendation. (Dkt. 36). Defendant's counsel timely filed Objections to the Report and Recommendation on August 30, 2018. (Dkt. 37). The Objections argued that the warrant lacked sufficient probable cause because the search warrant application failed to set forth "any indicia of any reliability of the confidential informant," there was no proof that law enforcement reviewed the recordings of the controlled purchases by the confidential informant, and only one of the purchases occurred at the 37 Texas Street residence. (Dkt. 37 at 2). The Objections also argued that Judge McCarthy mistakenly

failed to order the Government to turn over the recordings of the controlled purchases, which served as part of the basis for the search warrant application. (Dkt. 37 at 3).

After Defendant filed his counseled Objections, this Court issued a Text Order setting the Government's response deadline as September 13, 2018, and scheduling oral argument for September 25, 2018. (Dkt. 38). Then, on September 5, 2018, an unsigned document was filed by defense counsel entitled "Objections to Report, Recommendation and Order Supplemental by Defendant" reflecting further objections to Judge McCarthy's decision, apparently prepared by Defendant on a *pro se* basis. (Dkt. 39). Defendant's untimely *pro se* filing contends, in sum and substance, that because the search warrant was authorized by a New York State judge, this Court should evaluate probable cause utilizing the *Aguilar-Spinelli* test.[1]

The Government filed its response in opposition to Defendant's Objections on September 7, 2018 (Dkt. 40), and oral argument was held on September 25, 2018, at which time the Court reserved decision. For the reasons set forth below, Defendant's Objections are overruled and the Report, Recommendation and Order is adopted in its entirely.

---

[1] The *Aguilar-Spinelli* test is based upon *Aguilar v. Texas*, 378 U.S. 108 (1964) and *Spinelli v. United States*, 393 U.S. 410 (1969). The test is a two-prong inquiry into probable cause based upon (1) "the veracity or reliability of the information," and (2) "the basis of the informant's knowledge." *United States v. Rowell*, 903 F.2d 899, 903 (2d Cir. 1990) (quotation omitted).

## DISCUSSION

### I. STANDARD OF REVIEW

A district court reviews any specific objections to a report and recommendation on a dispositive issue, such as a motion to suppress, under a *de novo* standard. Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). To trigger the *de novo* review standard, objections to a report and recommendation "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

In contrast, any appeal from a non-dispositive decision by a magistrate judge, such as Judge McCarthy's decision denying without prejudice the motion for production of the controlled purchase recordings, is reviewed under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A).[2] "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Feneziani*, No. 05-CR-290E, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge

---

[2] The deferential clearly erroneous or contrary to law standard of review applies even where the discovery sought ultimately relates to a dispositive motion, such as a motion to suppress. *See generally United States v. Pirk*, 282 F. Supp. 3d 585, 590 n.4 (W.D.N.Y. 2017).

abused his discretion." *Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay*, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013) (quotations omitted); *see also S.E.C. v. Verdiramo*, 890 F. Supp. 2d 257, 266 (S.D.N.Y. 2011) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes . . . ." (quotation omitted)).

## II.  MOTION TO SUPPRESS

The Court has conducted a *de novo* review of the Report and Recommendation concerning Defendant's motion to suppress, as well as the filings previously made in connection with that motion, and based on that review, the Court agrees with Judge McCarthy that Defendant's motion to suppress should be denied.

Here, the "Affidavit For A Search Warrant" sworn to November 28, 2017, by Niagara County Sheriff's Investigator Kevin M. Smith and Niagara County Sheriff's Deputy Nathan Shumaker, and submitted to Acting Supreme Court Justice Kloch, set forth the following relevant facts: (1) The officers observed a black Audi Q7 bearing license plate HMG3737 ("the Audi") at 37 Texas Avenue during the day and evening hours (Dkt. 40-1 at 4,¶ A); (2) Defendant was listed as a complainant in a burglary report occurring at that location a year earlier—in or around November 2016 (*id.*); (3) During October 2017, a Confidential Informant ("CI") engaged in two separate controlled and recorded purchases of heroin inside the Audi, where Defendant was specifically observed by the law enforcement officers operating the Audi. The purchases occurred in the Cities of Niagara Falls and Buffalo, with the latter purchase occurring where there was constant surveillance of the Audi as it departed from 37 Texas Avenue and ultimately met up with the CI (*id.* at

4-5, ¶¶ B & C); and (4) During November 2017, the CI engaged in a controlled and recorded purchase at 37 Texas Avenue of heroin that the CI stated was obtained from Defendant (*id.* at 6, ¶ F). The Affidavit also makes reference to two other controlled purchases during October and November 2017, although Defendant is not expressly referenced as having been observed during those buys. (*Id.* at 5, ¶¶ D & E (referencing observations of a "black male" with the CI and also indicating that the CI identified the drugs as having been purchased from Defendant)).

Judge McCarthy determined that, under the standard set forth in *Illinois v. Gates*, 462 U.S. 213, 238 (1983), probable cause supported issuance of the search warrant. (Dkt. 34 at 4). Although the search warrant affidavit did not address whether the CI had provided reliable information in the past, the controlled purchases observed by law enforcement independently corroborated the CI's information. (*Id.*). The Report and Recommendation did not place particular importance on Investigator Smith's and Deputy Shumaker's failure to specifically identify Defendant during two of the controlled purchases (*see* Dkt. 40-1 at 5, ¶¶ D & E), since there were two other controlled buys where the officers stated they specifically observed Defendant operating the Audi (Dkt. 34 at 5). Moreover, even though there was no observation by law enforcement of Defendant at the 37 Texas Street address during the controlled purchase in November 2017 (Dkt. 40-1 at 6, ¶ F), other corroborating information supported the reliability of the CI's information that he had purchased the drugs from Defendant. (*See* Dkt. 34 at 6). Moreover, the Court agrees with the position articulated by the Government during oral argument, that for purposes of the probable cause analysis related to the search of the residence, it is largely irrelevant who engaged in

the hand-to-hand sale with the CI inside the house since law enforcement knew that the CI purchased drugs inside the house—a house where a vehicle operated by Defendant during prior controlled purchases was observed parked during the day and nighttime hours. That satisfies the probable cause standard under *Gates*. Therefore, for the reasons set forth more fully in the Report and Recommendation, this Court agrees that probable cause supported issuance of the search warrant.[3]

## III. DISCOVERY RELATED TO CONFIDENTIAL INFORMANT

Judge McCarthy's non-dispositive ruling denying without prejudice the motion for discovery of the CI's identity and recordings of the controlled buys referenced in the search warrant application is neither clearly erroneous nor contrary to law. The Government "is not generally required to disclose the identity of confidential informants," and a defendant seeking disclosure must establish that "he will be deprived of his right to a fair trial" without the information. *United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997) (citing *Roviaro v. United States*, 353 U.S. 53, 59 (1957)).

---

[3] At the appearance before the undersigned on September 25, 2018, Defendant withdrew his untimely, *pro se*, and unsigned objections, filed at Docket No. 39. *See United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989) ("The decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court."); *United States v. Graham*, 682 F. Supp. 2d 286, 287-88 (W.D.N.Y. 2010) ("[a]lthough criminal defendants possess both the right to appear *pro se* and to appointed counsel, ordinarily those rights cannot both be exercised at the same time"). Even if this Court considered the *pro se* filing, it would not change the Court's analysis since the Supreme Court abandoned the *Aguilar-Spinelli* two-pronged test in *Gates*, replacing it with the totality of the circumstances approach relied upon in the Report and Recommendation. *See, e.g., Rowell*, 903 F.2d at 902 ("[A] district court must apply the *Gates* standard for probable cause to a motion to suppress evidence obtained under a state-issued wiretap warrant, despite the existence of a stricter state standard for admissibility.").

> Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead, the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity.

*Id.*

Here, Judge McCarthy appropriately concluded that Defendant failed to meet his burden, where the Government represented that Defendant's charged conduct did not involve the controlled purchases with the CI. *See, e.g., United States v. Crawford*, 420 F. Supp. 2d 142, 143 (W.D.N.Y. 2006) (affirming magistrate judge's decision to deny disclosure of confidential informant where government represented that it did not intend to rely at trial on proof of transactions involving informant serving as basis for search warrant). Moreover, as discussed in the Report and Recommendation, probable cause supported issuance of the search warrant without consideration of the substance of the recordings. (Dkt. 34 at 6-7). Accordingly, this Court affirms Judge McCarthy's denial without prejudice of Defendant's motion for the disclosure of the CI's identity and the recordings. Of course, if the controlled purchases become relevant for purposes of the trial, then the analysis of Defendant's right to the information will change.

## **CONCLUSION**

Based upon this Court's *de novo* review, for the reasons set forth above and for the reasons set forth more fully in the Report and Recommendation (Dkt. 34), Defendant's suppression motion (Dkt. 24) is denied. Furthermore, the Court affirms Judge McCarthy's decision (Dkt. 34) denying without prejudice Defendant's motion for discovery related to the confidential informant (Dkt. 24).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: October 22, 2018
       Rochester, New York